**E-FILED**
Tuesday, 29 May, 2007 02:16:37 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW DUBOIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 06-1278 |
| | ) | |
| SHELTON FREY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

This matter is now before the Court on Petitioner, Andrew DuBois' ("DuBois"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and the Respondent's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [#9] is GRANTED, and the § 2254 Petition [#1] is DISMISSED.

### BACKGROUND AND PROCEDURAL HISTORY

In October 2000, DuBois was convicted of two counts of criminal sexual assault and one count of driving on a revoked licence following a bench trial in the Circuit Court of McLean County. He was sentenced to consecutive terms of six years' imprisonment on each of the sexual assault counts and a consecutive three year term for driving while his license was revoked. His conviction and sentence were affirmed by the Illinois Appellate Court on January 17, 2002, and he was denied leave to appeal to the Illinois Supreme Court on April 30, 2002.

On October 2, 2002, DuBois filed a post-conviction petition with the circuit court under the Illinois Post-Conviction Hearing Act. The petition was dismissed as frivolous, and on appeal, his counsel was allowed to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). On November 21, 2003, the trial court's judgment was affirmed. The

Illinois Supreme Court denied DuBois' Petition for Leave to Appeal on September 29, 2005,

and he did not file a Petition for Writ of Certiorari to the United States Supreme Court.

DuBois also filed a second successive post-conviction petition on July 3, 2003.  The

petition was denied as frivolous, and the denial was affirmed on appeal in January 2005.

His Petition for Leave to Appeal was denied by the Illinois Supreme Court on March 30,

2005, and there is record indicating that he ever pursued a Petition for Writ of Certiorari to

the United States Supreme Court.

DuBois now brings the present action seeking federal review of his state court

proceedings.  In his Petition, he raises essentially four arguments: (1) his right to due

process was violated by his wrongful conviction; (2) his Miranda rights were violated; (3)

he received ineffective assistance of counsel; and (4) his sentence was excessive.  This

Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain

a petition for writ of habeas corpus.  The present case is covered by 28 U.S.C. § 2244,

which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a
> State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right was newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review;

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the present case, DuBois alleges that he is entitled to relief because of errors purportedly made by the investigating officers, Circuit Court of McLean County, and his attorney.  DuBois makes no assertion that there is any newly recognized constitutional right, that he was prevented from filing, or that he was unable to discover the factual predicate for his claims through the exercise of due diligence.  Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.[1]

DuBois' direct appeal became final on July 29, 2002, when the 90-day filing period for pursuing a Petition for Writ of Certiorari to the United States Supreme Court expired, and his clock began to run on that day.  The limitations period was tolled beginning on October 2, 2002, when he filed his first post-conviction petition, through September 29, 2005, when the Illinois Supreme Court denied his Petition for Leave to Appeal.  Thus, his clock began to tick again on September 30, 2005, allowing more than an additional 12 months to pass before filing the present petition.

_____

[1] Although DuBois does make reference to having limited time to visit the law library, he does not make the claim that the library in his prison was inadequate and impeded his pursuit of his claims as was argued in Moore v. Battaglia, 476 F.3d 504 (7th Cir. 2007).  His assertions that he was misadvised by the inmate law clerks are also unavailing.

Slightly more than two months of the 1-year period expired between the time DuBois' conviction became final and the filing of his first post-conviction petition. This two months, in combination with the more than 12-month period between the conclusion of his post-conviction review and the submission of his federal petition,  exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody.  Therefore, the petition will be denied as untimely.

## CONCLUSION

For the reasons set forth herein, Respondent's Motion to Dismiss [#19] is GRANTED, and DuBois' Petition for Writ of Habeas Corpus  pursuant to § 2254 [#1] is DISMISSED as untimely.  This matter is now terminated.

ENTERED this 29th day of May, 2007.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge